## SAUL v WILLIAMS CO. BOARD OF EDUCATION et

Common Pleas Court, Williams Co.

No. 13021.  Decided April 25, 1940.

Newcomer & Parker, Bryan, for plaintiff.

Gebhard & Hogue, Bryan and Knepper, White & Dempsey, Columbus, for defendants.

## OPINION

By PENDLETON, J.

Following the refusal of the Board of Education of the Center Township Rural School District to levy a tax for school purposes for the 1940 school year, the Williams County Board of Education, acting under the authority of §7610-1 GC, on November 2, 1939 passed its resolution making a three mill levy upon all of the taxable property of the duplicate in the Center Township District, and certifying its action to the county auditor, so that said levy was placed upon the duplicate. Thereupon this suit was brought by a taxpayer in said district to enjoin the collection of the levy. The determination of the case hinges upon the legality of the action taken by the county board of education.

Leading up to the present controversy is record of disagreement over school policies between township board of education and county board of education, hereinafter referred to as "township board" and "county board". The court now finds the essential facts to be as follows:

1. That the township board had determined (July 30, 1939) to discontinue the use of its one and two room building equipment, and to transport its pupils to adjoining exempted school districts. The county board objected to this action, and sought unsuccessfully in court proceedings to prevent such action.

2. That in the meantime the township board, on June 26, 1939, had con-

sidered and adopted a tax budget for the year 1940, and on July 6, 1939 had submitted the budget to the county budget commission for its consideration and approval. On August 30, 1939 the township board, by resolution passed by a three to one vote, recommended to the Williams county tax commission that "by reason of the present accumulated school operating surplus fund" no tax for the year be levied in Center township for school operating purposes.

3. That at said time the township board had an estimated balance on hand as of January 1, 1940 of $14,874.29, against estimated expenditures for the year 1940 (not taking into account the savings expected to be made by the new method of transporting pupils, amounting to at least $1,000) of $14,795. This is shown in plaintiff's Exhibit No. 1.

4. That the county superintendent of schools and the county board insisted that a tax levy be made, entered into correspondence with state and county officers with regard to same and procured advice from the attorney general to the effect that the township board, in submitting its budget in pursuance of §5625-22 GC, lost further jurisdiction in the matter, that its resolution recommending that no tax should be levied should be treated by county auditor and county budget commission as a nullity, and that when certified back by the budget commission it was the duty of the township board to authorize by resolution the tax levy as approved by the budget commission, all pursuant to §5625-25 GC.

5. That the budget commission, acting upon this advice, approved the three mill levy and on October 27, 1939 certified its action back to the township board for action. On October 30, 1939, the township board met and passed a resolution levying no tax, which resolution was certified to the county auditor the same day.

6. That thereupon the Williams County Board of Education met in special session on November 2, 1939, and a portion of the minutes of this meeting reads as follows:

"The Williams County Board of Education met at a special meeting called by the president, J. Roger Day, Thursday, November 2, 1939, in the office of the County Superintendent of Schools for the purpose of considering the Center Rural School Budget which the Center Board of Education neglected, failed and refused to adopt accepting the amounts and rates as set up by the budget commission. The following members were present: J. Roger Day, H. B. Dargitz, D. A. Leu, L. B. Starr.

"A committee of citizens consisting of Dan Manon, Chauncey McDonald and Dale Strawser appeared before the clerk and president of the Williams County Board of Education stating that the Center Rural Board of Education had neglected, failed and refused to adopt a resolution accepting the amounts and rates as determined by the budget commission, and to authorize the necessary tax levies, and to certify them to the county auditor as said board is required by law so to do.

"The budget request submitted to the Williams County Budget Commission estimated that Center Rural School District would receive $3,800 help from other sources. This is too low an estimate in view of the fact that all of the grade pupils numbering 175 and all of the high school pupils numbering 79 have been assigned to attend schools in other districts. The transportation costs for sending these pupils to other districts is $5,300. The local board of education must also purchase school buses with a valuation of approximately $5,000. In view of the fact that Center township would not have a levy of 3 mills, there would be no additional state aid. Center Rural School District would lose approximately $16,000 of state money which they would receive if 3 mills were levied for the local school district.

"After discussion of the above proposition, the following resolution was read:

RESOLUTION

"BE IT RESOLVED, by the board of education of the Williams County School District, Williams County, Ohio, that:

"It now appearing to this board that the Board of Education of Center Township Rural School District, Williams County, Ohio, has neglected, failed and refused to adopt a resolution accepting the amounts and rates as determined by the budget commission, and to authorize the necesary tax levies, and to certify them to the county auditor as said board is required by law so to do, and

"It further appearing to this board that it is both necessary and essential that taxes be levied to provide for the continuance of the schools in said Center Township Rural School District, and

"This board being fully advised and satisfied of the failure of said Board of Education of Center Township Rural School District to do and perform any of such acts, and that it is of urgent necessity that the resolution aforesaid be certified to the county auditor, and

"Whereas, the Board of Education of Center Township Rural School District, Williams County, Ohio, in accordance with the provisions of law has previously adopted a tax budget for the next succeeding fiscal year commencing January 1, 1940, and

"Whereas, the budget commission of Williams County, Ohio, has certified its action thereon to the said Center Township Rural School District, together with the estimate of the county auditor of the rate each tax necessary to be levied by said board, and what part thereof is without, and part within, the ten mill limitation, therefore, be it:

"RESOLVED, by this board of education that the amounts and rates as determined by the budget commission in its certification to said Center Township Rural School District, be and the same are hereby accepted; and be it further

"RESOLVED, that there be and is hereby levied on the tax duplicate of said Center Township Rural School District, the rate of each tax necessary to be levied within and without the ten mill limitation as follows: as set forth in Exhibit 1 which is hereto attached and made a part hereof.

"AND BE IT FURTHER RESOLVED that the clerk of this board be, and he is hereby directed to certify a copy of this resolution to the county auditor of said county for and on behalf of the Board of Education of Center Township Rural School District.

"Mr. Leu moved the adoption of the foregoing resolution. Mr. Dargitz seconded the resolution and the roll being called upon its adoption the vote resulted as follows: Leu, yes; Dargitz, yes; Starr, yes; Day, yes.

"Adopted the 2nd day of November, 1939.

H. C. Vannorsdall,
Clerk of the Board of Education of the Williams County School District, Williams County, Ohio."

7. That in the same minutes there appears the formal resolution of the county board accepting said budget, making said levy, and providing for the certification of its action to the county auditor, which was done on November 4, 1939. Thereafter said levy was placed on the duplicate.

8. That the record in this case (pages 17 and 18) further shows that pursuant to the action of the township board at its meeting of August 2, 1939 all of the territory in the district was divided, and portions assigned to the Bryan, Edgerton, Farmer and Montpelier school district. Furthermore the board authorized the president and clerk to negotiate for tuition and transportation contracts which the record (Exhibits 2 to 7 inc.) shows were entered into as of about September 1, 1939.

9. That in the meantime the county board of education on August 21, 1939, in a resolution (Record, pages 8 to 12 inc.) reciting the refusal of the township board to hire teachers, to assign its pupils to the schools of the district, or to clean and repair the buildings, authorized its president and clerk to employ seven grade school teachers, and to make contracts for the cleaning and

repairing of buildings at a cost of not to exceed $1,000, all at the expense of the township board. Afterwards the hiring of teachers was deferred, but the cleaning and repairing was contracted for, and the work done and paid for.

10. That the competency of the evidence upon these matters is challenged upon the ground that it was the subject-matter of the former litigation and has nothing to do with the matters now in issue. That nevertheless these actions form part of the sequence of what has occurred, and are proper evidence.

11. That on January 1, 1940 the personnel of the township board changed, and that thereafter on January 24, 1940 passed and certified to the county auditor a resolution reciting the previous adoption of a tax budget for the year commencing January 1, 1940, and that the budget commission had acted thereon and certified its action back to the township board. Said resolution continues by accepting said budget so certified, levies a three mill tax in accordance therewith, and certifies a copy of the resolution to the county auditor.

In the light of the foregoing findings of fact the court finds the law relating to same to be as follows:

First: That under the express terms of §7620 GC, and kindred sections the Board of Education of the ▬▬▬▬ Center Township Rural School District has vested in it the management and control of all of the public schools in the district, including any necessary provisions for the convenience and prosperity of the schools.

Second: That the statutory powers above referred to are qualified by the powers conferred by other ▬▬▬▬ statutes on the County Board of Education of Williams County, which must be considered in pari materia with the first mentioned sections. 36 O. Jur. p. 186-7.

Third: That under the provisions of §5625-25 GC, and following the adoption of the original budget and its consideration and recertification by the budget commission, it is made the duty of

the township board to "authorize the necessary tax levies and certify them to the county auditor before the first day of October in such year."

Fourth: That in the event of the failure of the township board to authorize and certify to the ▬▬▬▬ county auditor the necessary tax levies, it is within the power of the county board to make such levy under the powers implied, if not expressly conferred, in §7610-1 GC, provided the situation is one under consideration described or contemplated in said section.

Fifth: That neither of said boards has the power to levy any tax without first determining that the ▬▬▬▬ necessity exists for such levy, and the fact that all preliminary steps may have been taken with regard to said levy does not change the final necessity for such finding under the provisions of §5625-25 GC.

Mays v Cincinnati, 1 Oh St 268, at page 273.

Sixth: That the primary statutory obligation is upon the township board to make such finding, and ▬▬▬▬ when such finding is made, in the absence of any showing of fraud or bad faith, all parties are bound thereby, including the county board, unless by reason the conditions that exist and of the provisions of §7610-1 GC, the county board has further jurisdiction in the matter.

Seventh: That the township board, in its resolution of August 30, 1939, in effect determined that no clear necessity for the levying of a tax existed, and such discretionary finding, even though ill-advised, does not of itself cinstitute a neglect, failure or refusal of the township board to do its duty.

Eighth: That the record herein shows that the township board had provided sufficient school ▬▬▬▬ privileges for all the youth of school age in the district, and that it had substantially complied with all of the other conditions precedent enumerated in §7610-1 GC, and that by reason thereof the county

## 628

board was without any jurisdiction of said matters under said section.

Ninth: That the possible failure of the district to receive state aid if the three mill levy were not made, as apparently indicated in §7595-1b GC, is an unfortunate collateral complication not otherwise affecting the logic of the questions here in issue. The situation suggests prompt legislative revision, rather than a continued collusive levying of unnecessary (and therefore illegal) taxes for the purpose of qualifying for such state aid.

Tenth: That the financial complications arising since January 1, 1940 by reason of the payment by the township board of repair bills, of refunders to the state department, of increases in salary, and possibly other items not originally contemplated, may throw the township board's budget out of balance, and cause hardship, but do not of themselves alter the principles involved in this controversy.

Eleventh: That the resolution of the township board of January 24, 1940 attempting to levy a three mill tax upon the property in the district, was an action taken after the statutory limitation as to time provided in §5625-25 GC had expired, was an action taken after the rights of the parties had become fixed by the institution of the within proceedings on January 9, 1940, was an action taken in violation of the temporary restraining order granted herein on January 9, 1940, and was therefore illegal, and should be regarded as without effect.

Such being the holdings of the court as to the law of the case the temporary restraining order heretofore issued will be made permanent and the three mill tax levy enjoined. A final decree may be drawn accordingly. The costs will be assessed against the defendant. the County Board of Education of Williams County.